

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MORGAN KUNZ**
Senior Counsel
Phone: (212) 788-0422
Fax: (212) 788-9776
mkunz@law.nyc.gov

August 20, 2012

**BY E.C.F.**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  10007

        Re:   <u>Cintasia Townes v. City of New York, et. al.</u>
              12-cv-3201 (BMC)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above-referenced matter. Pursuant to Your Honor's order of July 3, 2012, the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) and hereby submit the following report.

**I.**    **Brief Description of the Case**

    **A.**    **By Plaintiff:**

      Plaintiff Cintasia Townes is a 31 year-old insulin-dependent Type I diabetic. On May 9, 2012, plaintiff had an appointment at a medical facility on 72nd Street between West End Avenue and Riverside Drive in Manhattan. Plaintiff was instructed by facility staff to fast before the appointment. Ms. Townes brought juice and a snack with her in case the lack of food affected her blood sugar levels. After the procedure, plaintiff went to use the bathroom. While in the bathroom, plaintiff could tell her blood sugar was low and became ill. Dizzy and faint, plaintiff suddenly felt police officers forcefully grabbing her arms. Plaintiff informed the officers that her blood sugar was low and that she was a Type I diabetic, and begged them for her food and drink, which were only a few feet away. The officers refused Ms. Townes' request.

Instead, the officers violently restrained her with such force that they fractured the humerus of her right arm.

Ms. Townes remained shackled on the floor with a broken arm and still without access to her food until EMS arrived some time later. As she lay there, Ms. Townes repeatedly complained of pain to her arm and informed the officers of her medical condition and her need to eat. With her still shackled, the police officers then transferred custody of Ms. Townes to EMS. Upon information and belief, the officers completed paperwork indicating that Ms. Townes was "emotionally disturbed," had been fighting with them, and may have dislocated her shoulder while they were restraining her. Notably, the officers did not charge Ms. Townes with any crime or call the NYPD's specially trained Emergency Services Unit, which, upon information and belief, is NYPD procedure when dealing with persons who appear emotionally disturbed. EMS, who took her to the hospital. Ms. Townes spent the night at the hospital and was diagnosed with a fractured humerus. Ms. Townes' arm was placed in a cast and she was prescribed pain medication. Ms. Townes is presently undergoing continuing treatment for the injury to her arm.

 **B.** **By Defendants:**

Police records indicate that on May 9, 2012, the police were summoned to 308 West 72nd Street in Manhattan, which is a private business called the Natural Alternative Center. When the responding officers arrived, they encountered the Plaintiff, who had locked herself in a bathroom. The Plaintiff was fighting, combative, and aggressive with the officers. She was believed to be emotional disturbed and as such she was removed to an area hospital. During the struggle to remove her from the location, Plaintiff may have been injured.

**II.** **Jurisdiction/Venue:**

 **A.** **Plaintiff's Statement:**

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

 **B.** **Defendants' Statement:**

Defendants do not challenge the Court's jurisdiction over this matter.

**II.** **Contemplated Motions:**

 **A.** **Plaintiff's Statement:**

Plaintiff does not contemplate any motions.

 **B.** **Defendants' Statement:**

Defendants anticipate moving for summary judgment or partial summary judgment, if such a motion is viable following the completion of discovery.

### IV. Plaintiff's Claims:

Plaintiff asserts federal claims of False Arrest, Excessive Force, Deliberate Indifference and Failure to Intervene, as well as state law claims of False Imprisonment, Assault and Battery and Negligent Hiring, Training and Retention.

### V. Defendant's Defenses:

Defendant contents that the actions of the police were reasonable. To the extent that Plaintiff was arrested, the arrest was privileged based on a complaint by a complaining victim. In addition, because Plaintiff was struggling with the police, any force used was reasonable under the circumstances. Further, the Plaintiff fails to state a claim against the City of New York because of governmental immunity. Further, the individual defendants, if they are brought into this case, are protected by qualified immunity. Finally, any state law claims fail for the same reasons as the federal claims, namely because the actions of the officers were reasonable under the circumstances. Defendants reserve the right to assert additional defenses depending on the course of discovery in this matter.

### VI. Consent to Trial by a Magistrate Judge

At this time, all parties do not consent to trial of this case by a Magistrate Judge.

The parties thank the Court for its consideration of this request.

Respectfully submitted,

Morgan D. Kunz
Senior Counsel
Special Federal Litigation Division

cc: Gabriel P. Harvis & Robert Marinelli, Esqs. (By E.C.F.)
Harvis, Marinelli, Saleem & Wright, LLP
*Attorneys for Plaintiff*
305 Broadway, 14th floor
New York, New York 10007