UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

CINTASIA TOWNES,

                Plaintiff,

        -against-

CITY OF NEW YORK, et al.,

                Defendants.

------------------------------------------------------------ x

**DECLARATION OF
GABRIEL P. HARVIS**

12 CV 3201 (BMC)

        GABRIEL P. HARVIS, an attorney admitted to practice before this Court, pursuant to 28 U.S.C. § 1746, hereby declares and affirms under penalty of perjury, as follows:

        1.    I am a partner in the law firm Harvis Wright Saleem & Fett LLP ("HWSF"), the attorneys for plaintiff Cintasia Townes in this action.  I submit this declaration in support of plaintiff's motion for legal fees, costs and expenses, pursuant to Fed. R. Civ. P. 54 and in accordance with the terms of the judgment that was entered in favor of plaintiff against the City of New York on November 20, 2012, and the Offer of Judgment made by the defendant City of New York, docketed with the Court on November 20, 2012.

        2.    As discussed herein, plaintiff is requesting $15,152.43.  This figure is based on the undersigned having expended more than 46 hours, at an hourly rate of $325.  In addition, HWSF is seeking $592.43 in costs and expenses.  The basis for these figures is set out below.

### Counsel's Background and Rate

        3.    I attended Brooklyn Law School, graduating in May 2006.  I was admitted to practice law in the State of New York and Eastern and Southern Districts in 2007, but began practicing in 2006 under a special practice order of the Appellate Division that applies to

attorneys at the New York City Law Department. I have an extensive background in the area of federal civil rights litigation, having handled such cases exclusively during my career, representing plaintiffs and defendants in public and private practice.

4. Following my graduation from Brooklyn Law School in 2006, I served as an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department. Special Federal Litigation is responsible for defending all § 1983 claims against the City of New York, its agencies and employees brought in the federal courts.

5. In September 2010, I co-founded the Manhattan law firm of Harvis & Saleem LLP with Afsaan Saleem, a colleague from the Law Department. The firm has since added two partners and is now known as HWSF. Three of the partners, including myself, litigate civil rights cases in the federal courts, while one partner handles the firm's criminal defense practice.

6. I have appeared as counsel of record in approximately 200 § 1983 cases in the Eastern and Southern Districts of New York. This number does not include several cases on which I worked, but did not appear, during my government service. I have conducted eight § 1983 jury trials in the Eastern and Southern Districts, as well as an evidentiary inquest on behalf of defaulted defendants.

7. In short, I have considerable experience litigating civil rights cases.

8. My current hourly rate is $325, which is fair and reasonable in light of my experience and the prevailing rates in the Eastern District of New York. As discussed in the accompanying memorandum of law, this rate is within the range of reasonable rates approved by this Court in the context of fee applications.

9. My hourly rate has only been judicially determined once before, for work on the trial *Fryar v. City of New York* before the Hon. Tucker L. Melançon in September 2011. The *Fryar* court found $285 per hour to be a reasonable rate for my work on that trial, given prevailing rates in the Eastern District (Mr. Saleem, with whom I tried the case, was awarded $350 per hour). *See Fryar v. City of New York*, 10 CV 5879 (TLM) (MDG), Report and Recommendations of the Hon. Marilyn D. Go, Docket Entry No. 55 (E.D.N.Y. Aug. 22, 2012).

10. In the fourteen months since the *Fryar* trial concluded, I have conducted jury trials in both the Eastern and Southern Districts of New York and appeared in over forty federal civil rights cases.

### The Time Expended Was Reasonable and Necessary

11. As set forth in my time records, which are annexed hereto as Exhibit 1, I expended at least 46.9 hours on behalf of Cintasia Townes in this matter. I say "at least" because there were many internal conferences and strategic discussions that were not properly memorialized and therefore are not included in this request. The 4.6 hours of ministerial work I performed, such as filing, were billed at 50% of my rate.

12. HWSF also advanced $592.43 in recoverable costs and expenses. These consist of $350 to file the action, $120 for service of process and $122.43 to obtain plaintiff's medical records. These costs were critical and necessary to the litigation. HWSF's accounting for Cintasia Townes is included in Exhibit 1. Hard copies of the underlying receipts and invoices can be produced if there is any dispute to the authenticity of the charge.

13. The amount of time spent on this matter through the defendants' service of an Offer of Judgment on October 16, 2012 was reasonable and necessary.

14. Employees of a medical office called 911 on May 10, 2012 to report that

Ms. Townes, a Type 1 Diabetic, had locked herself in the bathroom and refused to come out. They thought that Ms. Townes was on drugs. Unbeknownst to them, Ms. Townes was in fact sober but semi-conscious due to very low blood sugar. When she made the appointment for the procedure, she had been told to fast. As a result, there was too much insulin in her system, causing her glucose levels to plummet.

15. Police officers confronted Ms. Townes and, in the process of handcuffing her, caused a spiral fracture of her right humerus. The officers admitted to having caused the fracture, but claimed that Ms. Townes had charged at and attacked them in an emotionally disturbed state. Ms. Townes disputed the officers' account, denying any violence, and alleged that the force used was excessive. Plaintiff claimed to have pleaded with the officers for the food she had brought to raise her blood sugar, but that she received no help until EMS arrived a half hour later. Complicating matters, Ms. Townes' recollection of the disputed events was very poor due to her physical condition at the time.

16. Even though the officers claimed that she had attacked them, Ms. Townes was not arrested, nor did the officers accompany her to the hospital. Only one NYPD document was generated in connection with the injury, an Aided Report indicating that Ms. Townes was an Emotionally Disturbed Person ("EDP") and that her shoulder had been dislocated. Plaintiff spent the night at the hospital and was diagnosed with a comminuted spiral fracture of the right distal humerus with a large posterior butterfly fragment.

17. As an initial matter, it was necessary to conduct basic research to determine whether a deliberate indifference claim could be premised on a police officer's failure to provide food to a hypoglycemic detainee. It was also necessary to see if the catatonic state described by plaintiff was likely to result from low blood sugar.

18. Once the action was started, the defendants began producing various materials. Initially, we received the Aided Report, which was then followed by the memo books, Sprint Report and audio recordings. Eventually, we obtained the medical records from two hospitals, including x-rays.

19. Defendants raised the prospect of summary judgment, citing this Court's decision in *Rasmussen v. City of New York*, 10 CV 1088 (BMC), Docket Entry No. 44, which I reviewed. I provided defendants with an expert report regarding a similar injury from another case.

20. The parties had agreed to serve their discovery responses on October 15, 2012 and commence depositions promptly thereafter. Accordingly, that day I reviewed the file and spoke to plaintiff to prepare the responses and reviewed the medical records to designate the treating physicians as potential trial witnesses in accordance with Fed. R. Civ. P. 26.

21. On the morning of October 16, 2012, I received the Offer of Judgment for $40,001 from the municipal defendant.

22. The offer was not accepted until October 24, 2012, and work on the case continued in the interim, including numerous discussions with Ms. Townes and defense counsel. The Notice of Acceptance and Offer of Judgment were filed on November 20, 2012, following the interruption of Hurricane Sandy. We are not seeking to recover for any of the time spent on the matter after the Offer of Judgment was served on October 16, 2012.

## Conclusion

23. For the reasons set forth above and in the accompanying memorandum of law, plaintiff respectfully requests that her legal fees, costs and expenses, in an amount of $15,152.43, be granted in their entirety.

Dated:   December 10, 2012
         New York, New York

                                      HARVIS WRIGHT
                                      SALEEM & FETT LLP

                                      */s/ Gabriel P. Harvis*
                                      Gabriel P. Harvis
                                      305 Broadway, 14th Floor
                                      New York, New York 10007
                                      (212) 323-6880
                                      gharvis@hwsflegal.com

                                      *Attorneys for Plaintiff Cintasia Townes*

To:   Morgan Kunz, Esq. (by ECF)