UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
CINTASIA TOWNES,                                         :       **MEMORANDUM**
                                                         :       **DECISION AND ORDER**
                              Plaintiff,                 :
                                                         :       12 Civ. 3201 (BMC)
              - against -                                :
                                                         :
CITY OF NEW YORK, et al.,                                :
                                                         :
                              Defendants.                :
-------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff commenced this action, alleging § 1983 claims of false arrest, excessive force,

and deliberate indifference to medical needs, as well as various claims under New York State

law. Familiarity with the allegations in the Complaint is assumed. Plaintiff subsequently

accepted a Rule 68 Offer of Judgment for $40,001, plus reasonable attorneys' fees, expenses, and

costs to the date of this offer. Plaintiff has now moved for attorneys' fees in the amount of

$14,560 as well as costs in the amount of $592.43, for a total award of $15,152.43. Defendants

argue that plaintiff's counsel's requested hourly rate is too high, and that there should be a

deduction in the number of hours claimed by plaintiff's counsel in order to account for excessive

billing. Plaintiff's motion is granted to the extent set forth below.

Courts within the Second Circuit generally employ the "presumptively reasonable fee"

method when analyzing attorneys' fees motions. See Arbor Hill Concerned Citizens

Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections, 522 F.3d 182, 190

(2d Cir. 2008). Under this method, courts multiply the "amount of time reasonably spent by

counsel" by a reasonable hourly rate to derive a presumptively reasonable overall fee. Cover v.

Potter, No. 05-Civ-7039, 2008 WL 4093043, at *5 (S.D.N.Y. Aug. 29, 2008). A court must then

determine whether this presumptively reasonable fee is subject to an upward or downward departure. Id. at *6.

Plaintiff's counsel, Mr. Harvis, requests compensation at an hourly rate of $325, while defendants contend that his reasonable rate should be $285. Defendants rely heavily on a recent recommendation of Magistrate Judge Go in Fryar v. City of New York, 10-CV-5879, a § 1983 case that Mr. Harvis and his partner tried and won, in which the Court reduced Mr. Harvis' rate from $375 to $285. Her primary justification for the reduction in hourly rate was the fact that Mr. Harvis had not reached "the stature of other civil rights attorneys with 20 or more years of experience" who were awarded the rate he sought.

It would be ill-advised to place too much weight on the determination of one or two other district court or magistrate judges in other cases in determining the reasonable hourly rate of a particular lawyer in a particular case, even one as experienced in reviewing fee applications as Judge Go. The range of judicial discretion is substantial and judges' knowledge of and experience with a lawyer can vary. I cannot find that Judge Go's decision has the practical effect of setting either a floor or a ceiling (subject only to changes in the marketplace or the economy over time) in determining Mr. Harvis' reasonable rate. Especially where, as here, the "bid and asked" is $325 at the high end and $285 at the low end, I also would not be so presumptuous as to say that $285, but not $300, is the "right" rate, or that $325, but not $305, is the "wrong" rate. I will consider Judge Go's able analysis of Mr. Harvis' efforts before her, but I have to make my own determination as to this case.[1]

---

[1] For the same reasons, I would not expect that my decision here will have much precedential value in subsequent cases involving Mr. Harvis, whether before me or any other court.

A reasonably hourly rate is "the rate a paying client would be willing to pay," bearing "in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. The rates awarded should reflect counsel's experience as well as "the nature of representation and type of work involved in a case." Id. at 184. To determine reasonable hourly rates, courts must refer to "the prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541 (1984). The "community," for purposes of this calculation, is the district where the district court sits. Arbor Hill, 522 F.3d at 190. Of course, the concept of a "rate a paying client would be willing to pay" is a proxy, effectively a legal fiction, with regard to most cases involving fee-shifting statutes, especially §1983 cases, where clients are virtually all without funds and could not pay anywhere near the minimum amounts that lawyers must charge to make the bringing of such cases economically viable.

The hourly rate that courts in this district have awarded partners and solo practitioners have most often been in the range of $300 per hour. See e.g., Brown v. Starrett City Assocs., No. 09-CV-3282, 2011 WL 5118438 (E.D.N.Y. Oct. 27, 2011) (recommending, in a civil rights case, an award of $300 per hour to counsel with 12 years' litigation experience); Rodriguez v. Queens Convenience Deli Corp., No. 09-cv-1089, 2011 WL 4962397 (E.D.N.Y. Oct. 18, 2011) (awarding a solo practitioner with nine years of experience an hourly rate of $300); GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim, No. 04-cv-5300, 2009 WL 3241757 (E.D.N.Y. Sept. 30, 2009). Attorneys with extensive experience have been awarded rates ranging from $300 to $400 per hour. See e.g., Olsen v. County of Nassau, No. CV 05-3623, 2010 WL 376642 (E.D.N.Y. Jan. 26, 2010) (awarding $375 hourly rate for partner with 14 years

of experience in civil rights and employment discrimination cases); Luca v. County of Nassau,

698 F.Supp.2d 296 (E.D.N.Y. 2010) (awarding $400 hourly rate to partner with over 25 years of

experience in civil rights cases and recognized as an authority in his specialty); Wong v. Yoo,

No. 04-cv-4569, 2010 WL 4137532 (E.D.N.Y. Oct. 19, 2010) (awarding an hourly rate of $375

to solo practitioner with over 30 years of experience, who successfully represented client in civil

rights case that was pending for over six years).

Although Mr. Harvis submits that he has "an extensive background in the area of federal

civil rights litigation," which may well be true, the Court does not find that Mr. Harvis' six or

seven years of practice merit an award of an hourly rate of $325. Mr. Harvis graduated from law

school in May 2006 and then worked at the New York City Law Department until co-founding

his own law firm in September 2010. As a partner of his firm, Mr. Harvis has appeared in

approximately 200 § 1983 cases in the Eastern and Southern Districts of New York. While this

is certainly not an insignificant number of cases to have handled, counsel was allowed to handle

so many cases in such a short period of time due to the generally straight-forward nature of §

1983 cases. Moreover, I do not find that this case was a particularly complicated one, despite

counsel's characterization that it "presented certain unusual issues." Furthermore, there was

some discovery involved in the case, but it was a minimal amount, and the parties were able to

settle the case within four months of its commencement. Having considered Mr. Harvis'

qualifications, experience, the nature of his representation and the type of work involved in this

case, the Court shall reduce counsel's hourly rate to $300.

Next, the Court must consider whether the number of hours expended by plaintiff's

counsel on this matter is reasonable. "In determining the number of hours reasonably expended

for the purpose of calculating the lodestar, the district court should exclude excessive, redundant

4

or otherwise unnecessary hours[.]" <u>Quarantino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir.
1999). Courts have a great deal of discretion in awarding attorneys' fees and can deduct hours if
they find that the hours charged are superfluous or unreasonable. <u>See Luciano v. Olsten Corp.</u>,
109 F.3d 111 (2d Cir. 1997). Mr. Harvis claims he expended "at least" 46.9 hours on this case
and that 4.6 of those hours were expended on ministerial work, such as filing, for which he billed
at 50% of his rate. He notes that there were many internal conferences and strategic discussions
that were not properly memorialized and are not included in his request. Defendants argue that
while plaintiff's counsel exercised some judgment in billing, the statement of services
nonetheless includes some excessive entries and therefore the Court should make an across-the-
board percentage reduction of 15% for redundant and excessive hours.

Defendants contend, for example, that plaintiff included some 60 entries on his statement
of services for things like "review VM from client," "E-mail exchange w/ACC," and "TC from
client," each of which were billed for six minutes of work, although, according to defendants,
"not all of them lasted the full [six] minutes." Defendants provide, as examples, a "14-word
response email," allegedly written by plaintiff's counsel on August 16, 2012, that stated: "I
expect to have the requested releases for you in the next few days," and another email apparently
sent by plaintiff's counsel the same day, that stated: "No problem. I will send my portion over
this week. Thanks." Defendants speculate that it could not have taken Mr. Harvis six minutes to
draft each of these emails or to listen to a voicemail from his client. The problem with
defendants' argument is that even assuming they are correct and these discrete activities should
not have each taken up to six minutes, Mr. Harvis was entitled to round up and bill six minutes
for each activity, whether it took two minutes or an actual six minutes, pursuant to his billing
practice of keeping time in one-tenth of an hour increments. This is because, as Mr. Harvis has

5

averred happened here, and as this Court's experience on the bench and in practice confirms happens generally, there are lots of times when a lawyer spends a minute or two or three, or even five or ten, and does not make any time entry at all. The practice of rounding to the nearest 1/10 of an hour does not concern me because in the end, it generally averages out.

There are, apparently, lawyers who keep time in 1/100ths of an hour increments, see e.g., Sacardi v. Green Field Churrascaria, Inc., No. 10 Civ. 5605, 2012 WL 4979195 (E.D.N.Y. Oct. 17, 2012), but this practice goes above and beyond what has generally been required by courts in this Circuit. Moreover, had Mr. Harvis kept time in increments of one-quarter of an hour, instead of in increments of one-tenth of an hour, the issue of rounding might be more important. See e.g., Cowan v. Ernest Codelia, P.C., No. 98 Civ. 5548, 2001 WL 30501, at *9 (S.D.N.Y. Jan. 12, 2001) (recommending an across-the-board reduction in compensable hours where lawyer billed one-quarter hour, or $62.50 at lawyer's requested rate of $250 per hour, for" even the briefest phone call or review of the most succinct letter"). Mr. Harvis' practice of billing in one-tenth of an hour increments was appropriate, and therefore, his various six-minute entries are reasonable.

Another point of contention by defendants is the 5.8 hours plaintiff billed for research on what defendants characterize as "the simple fact that Plaintiff suffered a broken arm during her interaction with the police." Defendants also note that this "research" is separate from a review of the actual medical documents, for which plaintiff's counsel billed 2 hours to review some 83 pages of medical documents. Mr. Harvis argues that research was necessary to engage in meaningful settlement discussions. For example, Mr. Harvis states that reading an expert report in St. Hilaire v. City of New York, 10 CV 8115 (RJS), a Southern District of New York case involving a similar injury, was helpful during settlement discussions. The Court finds that all of

6

the research conducted by plaintiff's counsel appears to have been conducted for a legitimate purpose and thus, the hours spent on research were not unnecessary.

Finally, defendants argue that plaintiff's counsel billed two full hours on October 15, 2012 to "prepare plaintiff's discovery responses," and to "review file," when he knew that the Rule 68 Offer was on its way. It also appears that plaintiff's counsel spent 1.5 hours that day "review[ing] medical records, prepar[ing] supplemental FRCP 26(e) disclosures identifying treating physicians," and 0.6 hours "review[ing] radiology report and x-rays from SUNY Downstate Hospital." The Court finds these entries to be redundant and necessary, as it appears that Mr. Harvis engaged in work, which, had he waited a couple of hours, would not need to have been done. The Court also notes that plaintiff's counsel agreed to withdraw his request for compensation of the 0.8 hours he spent (.3 hours of which were billed at half-rate) on September 21, 2012 to fix a mistake).

Based on the aforementioned concerns of improper billing, the Court shall deduct 4.9 hours from the total 46.9 hours Mr. Harvis billed. Counsel submits that he spent 4.6 hours on ministerial tasks, which he billed at half of his rate; thus, the Court shall allow recovery of 4.6 hours at a rate of $150, for a total of $690. The remaining 37.4 hours shall be charged at a rate of $300, for a total of $11,220, resulting in a total attorneys' fee award of $11,910.

7

The Court hereby directs the Clerk to enter judgment in favor of plaintiff in the amount of $12,502.43, representing $11,910 in attorneys' fees, and $592.43 in costs and expenses.

**SO ORDERED.**

s/ BMC

————————————————————
U.S.D.J.

Dated: Brooklyn, New York
       January 14, 2013

8